ENGSBERG, Appellant, vs. HEIN and another, Respondents.

*October 5—November 3, 1953.*

For the appellant there was a brief by *Mistele & Smith* of Jefferson, and oral argument by *Richard C. Smith*.

For the respondents there was a brief and oral argument by *Francis J. Garity* of Jefferson.

MARTIN, J.  Plaintiff's first contention on the appeal is that the jury's finding of negligence on the part of the plaintiff with respect to deviating from his lane of traffic at the time of the accident is inconsistent with its finding of negligence on the part of defendant in passing too close to the tractor.

Plaintiff testified that prior to the collision he had started up his tractor from its parked position, angled to the west so that all four wheels traveled on the black-top and that he then continued in a northerly direction.  Hein testified that he was traveling entirely in the west lane prior to the accident but that as he was about to pass the tractor plaintiff made a sharp turn into the west lane.  The case was tried on the theory that Hein was overtaking and passing the tractor, and it was therefore necessary for the jury to consider the statutory duty of each driver under the circumstances—whether plaintiff violated sec. 85.16 (2), Stats., and whether Hein violated sec. 85.16 (3).  From the evidence presented the jury could conclude that the accident was caused by the negligence of both.  Plaintiff states in his brief, ". . . there was credible evidence to sustain independent and separate acts of negli-

gence by Hein and Engsberg although such verdict would not admit of concurrent findings." There is no merit to the contention that the findings contradict each other. A jury question was presented as to the negligence of each party and we see no inconsistency in concluding that Hein passed too close to the tractor while the plaintiff deviated.

As the learned trial court stated in its memorandum decision:

"Without any citation of authority, the plaintiff makes the contention that there is an inconsistency in the verdict because there is a finding that the plaintiff deviated, while the defendant failed to pass him at a safe distance. It is difficult to understand plaintiff's contention in this respect. He seems to argue that it would have been impossible for both parties to be found negligent with respect to a statutory violation. Both questions related to violations of safety statutes. Statutory proscriptions are direct and positive, and not in the alternative, as plaintiff seems to suggest. It would seem elementary that such violations impose obligations which are several and not joint, individual and not contingent or conditional.

"Under the circumstances, there is no reason why the jury could not find that both statutes were violated. In effect, the jury's finding that the defendant was also negligent was, if anything, favorable to the plaintiff."

The other question presented is whether the jury could properly decide the negligence questions without being required to find whether Hein failed to blow his horn and, if so, whether such failure was a cause of the accident.

A reading of the record indicates that at the time the verdict was prepared plaintiff's counsel asked the court not to submit this question. However, after arguments to the jury had been made he requested that it be included and the trial court denied the request on the ground that it was too late. We agree, but, in our view of the case, it is immaterial whether the request was or was not timely made.

It was plaintiff's own testimony that his brother called attention to the approaching truck and that he turned and saw it coming some 1,000 feet away and that he observed it long enough to recognize it as a milk truck and estimate its speed at between 40 and 50 miles per hour. A few seconds necessarily intervened while he took leave of his brother, who then went on his way, and moved his own vehicle onto the road. He therefore knew that the truck was coming and that it would pass him, since it was going 40 miles per hour or more when he saw it and the tractor moved at about four miles per hour. Even if Hein had blown his horn, it could not have warned plaintiff of anything he did not already know. Under such circumstances the failure to sound the horn could not have been a cause of the accident, and the question was properly omitted from the verdict.

*By the Court.*—Judgment affirmed.